**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ALI JAMILY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-1284-CM-KGG |
| ) | |
| DODGE CITY COMMUNITY COLLEGE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff Ali Jamily brings this employment discrimination lawsuit against Dodge City Community College ("DCCC"). Along with his complaint, Mr. Jamily moved the court to appoint counsel. Magistrate Judge Kenneth Gale denied Mr. Jamily's motion for appointment of counsel on October 19, 2011. Mr. Jamily moved for reconsideration of this order, which Judge Gale denied. Currently before the court is Mr. Jamily's Appeal of Magistrate Judge Decision (Doc. 17). Mr. Jamily asks this court to set aside Judge Gale's order and appoint counsel. Mr. Jamily supplemented his argument on January 19, 2012 (Doc. 18).

Because Judge Gale's order concerns a nondispositive matter, the court will only modify or set aside that order if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988) ("Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a clearly erroneous or contrary to law standard of review.") (internal quotations omitted). Accordingly, the court will overrule Mr. Jamily's objections unless the court determines that Judge Gale abused his discretion or, if after reviewing the record, the court is left with a "definite and firm conviction that a mistake has been committed." *Ocelot*, 847 F.2d at 1464 (internal quotations

-1-

omitted); *see also Comeau v. Rupp*, 142 F.R.D. 683, 684–85 (D. Kan. 1992) ("Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused.").

Mr. Jamily objects to Judge Gale's determination that he is capable of representing himself. Specifically, Mr. Jamily argues that he has difficulty with the English language and that he needs help preparing papers and presenting his case. A factor to be considered when evaluating motions for appointment of counsel in Title VII cases is the plaintiff's capacity to prepare and present a case without the aid of counsel. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Judge Gale considered this factor and determined that Mr. Jamily has "shown his ability to represent himself by drafting his agency charge of discrimination and federal court Complaint, which sets out the operative facts to support his claims." (Doc. 5 at 5.) Judge Gale further noted that the facts in this case were not unusually complex.

The court finds no error in Judge Gale's conclusions. The facts currently before the court do not suggest that this is an unusually complex lawsuit. And Mr. Jamily appears to be an articulate individual with sufficient English skills to present his case. In addition, Judge Gale's determinations are consistent with prevailing law. Accordingly, the court finds no reason to modify Judge Gale's order.

Mr. Jamily's motion and supplement also provide several details about his case. Another factor to be considered in deciding whether to appoint counsel is the merits of the plaintiff's case. *Castner*, 979 F.2d at 1421. But Judge Gale determined that Mr. Jamily established this *Castner* factor. Therefore, Judge Gale analyzed Mr. Jamily's request assuming that this factor weighed in Mr. Jamily's favor.

Lastly, Mr. Jamily's motion reiterates that he has $15,000 available for legal fees. To the extent he is objecting to Judge Gale's determination that he was able to afford counsel, the court again finds no error in Judge's Gale's conclusion or application of prevailing law. The court understands Mr. Jamily's frustration in attempting to retain an attorney, but the court finds no error in Judge Gale's order. Accordingly, Mr. Jamily's objections are overruled and his Appeal of Magistrate Judge Decision (Doc. 17) and Supplement (Doc. 18) are denied.

**IT IS THEREFORE ORDERED** that Mr. Jamily's objections are overruled and his Appeal of Magistrate Judge Decision (Doc. 17) and Supplement (Doc. 18) are denied.

Dated this 20th day of January, 2012, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        United States District Judge